UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG, | No. 2:20-cv-1050 DB P |
| Petitioner, | |
| v. | ORDER |
| COUNTY OF EL DORADO, et al., | |
| Respondents. | |

Petitioner, a county inmate proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a finding that he violated the terms of his probation.

**SCREENING**

**I.   Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**II.   Exhaustion**

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion

1

requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California inmate to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for writ of habeas corpus in which he adequate describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). The court may, but is not required to, raise the issue of exhaustion sue sponte. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Failure to present claims for federal relief to the California Supreme Court will result in dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Rasberry, 448 F.3d at 1154; see also Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

Upon review of the instant petition for writ of habeas corpus, it appears that petitioner has not presented his claim regarding his probation violation to the highest state court, the California Supreme Court. (See ECF No. 1 at 5.) If he has not done so, the petition must be dismissed without prejudice to its renewal after petitioner has filed a petition in the California Supreme Court and the California Supreme Court has denied it. If petitioner has presented his claim regarding his probation violation to the California Supreme Court, petitioner must inform this court that he has exhausted his state court remedies. Without knowing what claims, if any, have

been presented to the California Supreme Court, the court is unable to proceed to the merits of the petition. See 28 U.S.C. § 2254(b)(1).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within thirty (30) days of the date of this order, petitioner must inform the court whether he has presented any federal constitutional claims regarding his probation violation to the California Supreme Court. If possible, petitioner should provide the court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court.

2. Plaintiff is warned that if he fails to comply with this order, this court will recommend dismissal of this action.

Dated: November 9, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/crai1050.osc